**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dennis Roy ANDERSON, a.k.a. Derro Dillion Drake, Defendant– Appellant.**

**No. 02–15233**

**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 25, 2003.

Jacqueline Esther Shapiro, Asst. Fed.
Def., William L. Thomas, Kathleen M.
Williams, Miami, FL, for Defendant–Appellant.

Jonathan D. Colan, Anne R. Schultz,
Lisa T. Rubio, Miami, FL, for Plaintiff–
Appellee.

Before CARNES, BARKETT and
HULL, Circuit Judges.

PER CURIAM:

Dennis Roy Anderson pleaded guilty to
attempted illegal reentry into the United
States after deportation, in violation of 8
U.S.C. §§ 1326(a) and (b)(2), and received
a 24–month sentence. Anderson contends
that the district court should not have
imposed the 12–level enhancement provided by U.S.S.G. § 2L1.2(b)(1)(B) because he
had not previously been deported after a
"conviction" within the meaning of that
section. Anderson had been deported in
1991 after he pleaded *nolo contendere* to a
Florida felony drug offense. The state
court had withheld adjudication of guilt
and imposed a sentence of time served.
Anderson argues that a *nolo contendere*
plea with adjudication withheld does not
qualify as a conviction within the meaning
of § 2L1.2(b)(1)(B) of the Guidelines.

■ Anderson relies on *United States v.
Willis,* 106 F.3d 966, 969 (11th Cir.1997),
which held that a plea of *nolo contendere*
with adjudication withheld is not a conviction for purposes of 18 U.S.C. § 922(g)(1)
because a *nolo contendere* plea is not a
conviction under Florida law. *Willis* is not
controlling here, though, because the statutory scheme at issue in that case mandated that the term "conviction" be defined
according to state law, *id.* at 967–68, and

there is no similar requirement under the Guidelines provision at issue in this case. We thus look to federal law for the applicable definition of "conviction." *See United States v. Mejias,* 47 F.3d 401, 403–04 (11th Cir.1995).

■ Section 2L1.2(b)(1) provides: "If the defendant previously was deported, or unlawfully remained in the United States, after ... (B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels." U.S.S.G. § 2L1.2(b)(1)(B). The Sentencing Commission did not define "conviction" as that term is used in § 2L1.2. But Congress has defined "conviction" as used in 8 U.S.C. § 1326—one of the two statutory sections to which § 2L1.2 applies—as follows:

> The term "conviction" [as used in the chapter Immigration and Nationality] means, with respect to an alien, a formal judgment of guilt of the alien entered by a court or, if adjudication of guilt has been withheld, where-
>
> (i) a judge or jury has found the alien guilty or *the alien has entered a plea of* guilty or *nolo contendere* or has admitted sufficient facts to warrant a finding of guilt, and
>
> (ii) the judge has ordered *some form of punishment,* penalty, or restraint on the alien's liberty to be imposed.

8 U.S.C. § 1101(a)(48)(A) (emphasis added). Although § 2L1.2 does not explicitly refer to § 1101(a)(48)(A), we agree with the Tenth Circuit that the term "conviction" as used in § 2L1.2(b) is governed by the definition set forth in § 1101(a)(48)(A). *See United States v. Zamudio,* 314 F.3d 517, 521–22 (10th Cir.2002).

■ A conviction for purposes of § 2L1.2(b)(1)(B) therefore includes a *nolo contendere* plea with adjudication withheld as long as some punishment, penalty, or restraint on liberty is imposed. Anderson entered a plea of *nolo contendere* and was punished with 22 days imprisonment, the time he had served until he pleaded. Anderson's prior drug offense thus meets the definition of a "conviction" in § 1101(a)(48)(A) and is a "conviction" for § 2L1.2 purposes. Moreover, we have similarly concluded that the term "conviction" as used in other statutory and Guidelines provisions includes a *nolo contendere* plea with adjudication withheld. *See United States v. Fernandez,* 234 F.3d 1345, 1346 (11th Cir.2000) (interpreting "conviction" under U.S.S.G. § 2K2.1(a)(2)); *Mejias,* 47 F.3d at 404 (interpreting "conviction" under 21 U.S.C. § 841(b)(1)(B)); *United States v. Jones,* 910 F.2d 760, 761 (11th Cir.1990) (interpreting "conviction" under U.S.S.G. § 4B1.1).

■ We also reject Anderson's contention that the sentence imposed for his drug offense, 22 days time served, was de minimis and therefore transformed his felony drug conviction into a misdemeanor. Anderson was convicted of a felony drug offense and deported as a result. As such, the district court correctly determined that the 12–level enhancement under § 2L1.2(b)(1)(B) applies to him.

AFFIRMED.